| | |
|---|---|
| 1 | Edward J. Maney |
| | Chapter 13 Trustee |
| 2 | 101 N. First Ave., Suite 1775 |
| | Phoenix, Arizona 85003 |
| 3 | Telephone (602) 277-3776 |
| | ejm@maney13trustee.com |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 PROCEEDINGS |
| | ) | |
| SHELBY DUSTIN SMITH, | ) | # 2: 16-14429-PS |
| | ) | |
| | ) | DISMISSAL ORDER |
| Debtor(s) | ) | (re: docket #52) |

It having been shown to the Court that the Debtor(s) has failed to comply with the Court requirement concerning:

Failure to fully comply with the Trustee's Recommendations dated June 29, 2017 and submission of the Stipulated Order Confirming the 2nd Amended Chapter 13 Plan or set a hearing before the Court. As of the date of this Dismissal, no current Motions to Extend Time appear on the Court Docket and these item(s) have not been addressed. In addition, plan payments are delinquent $190.

Now Therefore, IT IS ORDERED THAT:

1. This case is dismissed and the Clerk of the Court will give notice of the dismissal to all creditors;

2. A Motion to Reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. If the Trustee does not approve reinstatement of the case, the matter may be set for hearing upon the Debtor(s)' motion. The Court may set a hearing on the Debtor(s)' motion to reinstate on the request of an interested party who had joined the Trustee's request for dismissal;

3. Pursuant to 28 U.S.C. §586(e)(2), the Trustee shall be paid his percentage fee from all payments received from the Debtor(s);

4. If the Court previously entered a payroll deduction order on one or both of the debtors' wages, then the Court vacates that order; and

5. Except as may be stated herein, all pending adversary proceedings, contested matters, and administrative hearings related to this case are vacated

6. Retention of Jurisdiction: The Trustee will retain the Debtor(s) funds pending Court approval of the payment of administrative expenses of the Debtor(s) attorney. If the Debtor(s) Chapter 13 Plan contained an Application for Payment of Administrative Expenses to the Debtor(s) attorney and no party filed an objection to the Application, the Debtor(s) attorney may lodge an Order approving the Application **within ten days** after the Court enters this Dismissal Order. Alternatively, the Debtor(s) attorney has **ten days** from the Court's entry of this Dismissal Order to file a separate fee application. If an Order approving the Application or a separate fee application is not filed within ten days, all remaining funds held by the Trustee will be returned to the Debtor(s);

**ORDER SIGNED ABOVE**

Copies of the forgoing
Mailed [see electronic signature]
to the following:

Shelby Smith
3412 North 24th Ave.
Phoenix, AZ 85015
Debtor

Adam E. Hauf, Esq.
4225 W. Glendale Ave.
Suite A104
Phoenix, Arizona 85051
Debtor's counsel

By:_____
    Clerk, Chapter 13 Trustee